Perini Corp. v City of New York (2018 NY Slip Op 06621)





Perini Corp. v City of New York


2018 NY Slip Op 06621


Decided on October 4, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 4, 2018

Friedman, J.P., Sweeny, Kapnick, Gesmer, Singh, JJ.


7230 601720/03 101709/10

[*1]Perini Corporation, Plaintiff-Appellant,
v
City of New York (Honeywell Street and Queens Boulevard Bridges), Defendant-Respondent.
Tutor Perini Corporation, Plaintiff,
v
City of New York (Honeywell Street and Queens Boulevard Bridges), Defendant.


Duane Morris LLP, New York (Charles Fastenberg of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Tahirih M. Sadrieh of counsel), for respondent.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered January 23, 2017, which, to the extent appealed from, granted defendant's motion for summary judgment dismissing plaintiff's claims seeking to recover delay damages, unanimously affirmed, without costs.
The no damages for delay clause in the parties' agreement is valid and enforceable (Corinno Civetta Constr. Corp. v City of New York, 67 NY2d 297, 309 [1986]). Plaintiff has not met its heavy burden of establishing that the delays were not contemplated by the parties under the contract or resulted from defendant's breach of a fundamental obligation of the contract and, thus, were excluded from the exculpatory clause (id. at 309-310; Polo Elec. Corp. v New York Law Sch., 114 AD3d 419 [1st Dept 2014]; Bovis Lend Lease (LMB), Inc. v Lower Manhattan Dev. Corp., 108 AD3d 135, 147 [1st Dept 2013]). The contract contains numerous express disclosures that the railroads did not guarantee rail outages and had discretion concerning their operations, including decisions related to staffing of protective personnel on the projects. Also, the daily safety meetings were contemplated under the contract, which mandated plaintiff's compliance with the railroads' rules and regulations, as well as with federal, state and local laws, rules and regulations bearing on railroad safety.
Plaintiff does not assert in the amended complaint a pass-through claim on behalf of its subcontractor ADF International, Inc. In any event, it does not dispute that it denied ADF's claim due to untimely notice.
We have considered the plaintiff's remaining contentions and find them to be unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 4, 2018
CLERK